UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| JULIE ERBLAND, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:13-cv-93 |
| | ) | |
| v. | ) | Honorable Janet T. Neff |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This is a social security action under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits (DIB). On June 29, 2009, plaintiff filed her application for benefits. (Page ID 189-94). She initially alleged a May 12, 2007, onset of disability. (Page ID 189, 193). She later amended her claim to allege a June 29, 2008, onset of disability. (Page ID 69-70, 203). Plaintiff's disability insured status expired on December 31, 2010. Thus, it was plaintiff's burden to submit evidence demonstrating that she was disabled on or before December 31, 2010. *See Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

Plaintiff's claim was denied on initial review. (Page ID 116-20). On May 17, 2011, she received a hearing before an administrative law judge (ALJ). (Page ID 65-110). On June 2, 2011, the ALJ issued a decision finding that plaintiff was not disabled. (Page ID 49-59). On December 19, 2012, the Appeals Council denied review (Page ID 39-41), and the ALJ's decision became the Commissioner's final decision.

Plaintiff filed a complaint seeking judicial review of the Commissioner's decision denying her claim for DIB benefits. Plaintiff argues that the ALJ's decision should be overturned on the following grounds:

1. The ALJ's factual finding regarding plaintiff's residual functional capacity (RFC) is not supported by substantial evidence and is the product of legal error.

2. The ALJ's factual finding regarding plaintiff's credibility is not supported by substantial evidence "because the ALJ erred in analyzing the required factors in assessing Plaintiff's credibility and failed to assess Plaintiff's husband's credibility."

3. The ALJ's Step 4 finding is not supported by substantial evidence and is the product of legal error.

(Plf. Brief at 1, docket # 15, Page ID 757). I recommend that the Commissioner's decision be affirmed.

## Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833

(6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013)("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

## Discussion

The ALJ found that plaintiff met the disability insured status requirement of the Social Security Act on June 29, 2008, and continued to meet them through December 31, 2010, but not thereafter. (Op. at 3, Page ID 51). Plaintiff had not engaged in substantial gainful activity on or after June 29, 2008. (*Id.*). Through her date last insured, plaintiff had the following severe impairment: "cervical degenerative disc disease, status post [2007] fusion." (*Id.*). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (*Id.* at 6, Page ID 54). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a limited range of light work:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR  404.1567(b) except that she could push and pull only up to 10 pounds occasionally.  The claimant could occasionally climb ramps and stairs, but could not climb ladders, ropes, or scaffolds.  She could not perform repetitive flexion and extension of the neck.

(Op. at 6-7, Page ID 54-55).  The ALJ found that plaintiff's testimony regarding her subjective functional limitations was not fully credible.  (*Id.* at 7-10, Page ID 55-58).  The ALJ found that plaintiff was not disabled at step four of the sequential analysis because she was capable of performing her past relevant work as a medical transcriptionist.  (*Id.* at 10-11, Page ID 58-59).[1]

**1.**

Plaintiff argues that the ALJ's factual finding regarding her RFC "is unsupported by substantial evidence and is the product of legal error."  (Plf. Brief at 14, Page ID 770).  Plaintiff's brief and reply brief focus on the mental impairment component of her claim.  She has presented no developed argument suggesting, much less establishing error in the ALJ's factual finding that, through her date last disability insured, plaintiff was capable of performing the exertional requirements of light work.  (Op. at 6-7, Page ID 54-55).

Plaintiff argues that the ALJ failed "to set forth an appropriate rationale supporting the RFC determination" in that he gave too little weight to the opinions of Ms. Judy Turnbull, a treating

---

[1]Plaintiff has a history of alcohol abuse.  Since 1996, the Social Security Act, as amended, has precluded awards of DIB benefits based upon alcoholism and drug addiction.  *See* 42 U.S.C. §§ 423(d)(2)(C); 20 C.F.R. § 404.1535; *see also Bartley v. Barnhart*, 117 F. App'x 993, 998 (6th Cir. 2004); *Hopkins v. Commissioner*, 96 F. App'x 393, 395 (6th Cir. 2004).  The claimant bears the burden of demonstrating that substance abuse was not a factor contributing to her disability.  *See Cage v. Commissioner*, 692 F.3d 118, 122-25 (2d Cir. 2012); *see also Zarlengo v. Barnhart*, 96 F. App'x 987, 989-90 (6th Cir. 2004).  Because plaintiff was found not to be disabled, the ALJ was not required to decide the issue of whether substance abuse was material to a finding of disability.  *See Gayheart v. Commissioner*, 710 F.3d at 380.

therapist, and too much weight to the opinions of two psychologists (David Cashbaugh, an examining psychologist , and Joe DeLoach, a State agency psychologist). (Plf. Brief at 14-16, Page ID 770-72; Reply Brief at 1-3, docket # 17, Page ID 803-05). Further, plaintiff argues that the ALJ committed reversible error in not applying the special technique for evaluating mental impairments. (Plf. Brief at at 16-19, Page ID 772-75; Reply Brief at 3-4, Page ID 805-06). I find no basis for disturbing the Commissioner's decision denying plaintiff's claim for DIB benefits.

The relevant time period on plaintiff's claim for DIB benefits ran from her alleged onset of disability, June 29, 2008, through December 31, 2010, the date plaintiff's disability insured status expired.[2] Documents generated outside the period at issue  (Page ID 287-401, 432-50, 474-510, 644-47, 687-90, 703, 708-16, 732-35, 744-47) are "minimally probative," and are considered only to the extent that they illuminate the claimant's health before the expiration of her insured status. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988); *see also Van Winkle v. Commissioner*, 29 F. App'x 353, 358 (6th Cir. 2002).

On March 21, 2011, Ms. Turnbull completed a portion of a RFC questionnaire in support of plaintiff's claim for DIB benefits by marking a series of boxes. (Page ID 684-85). She did not support any of her opinions by reference to specific supporting medical evidence, nor did she

---

[2]During the period at issue, plaintiff generally spent the winter months in California and summer months in Michigan.  She testified at the May 17, 2011, hearing that she experienced one winter in Michigan and did not intend to do so again.  She stated that she considered California to be her home. (Page ID 86-88).  However, the Notice of Appeals Council Action that plaintiff attached to her complaint (docket # 1-1, Page ID 4) was sent to a Michigan address. Thus, there is evidence that plaintiff was a Michigan resident when she filed her complaint and that this Court is the appropriate venue for plaintiff to bring her lawsuit seeking judicial review of the Commissioner's final administrative decision denying her claim for DIB benefits.  42 U.S.C. § 405(g).

provide any explanation of her opinions.³ (*Id.*). There is no "treating therapist" rule; accordingly, the opinion of a therapist is not entitled to any particular weight. *See Engebrecht v. Commissioner*, 572 F. App'x 392, 397-98 (6th Cir. 2014); *Hill v. Commissioner*, No. 1:12-cv-235, 2013 WL 2896889, at * 2-3 (W.D. Mich. June 13, 2013). Therapists are not acceptable medical sources. *See* 20 C.F.R. §§ 404.1513(a), (d)(1). Only "acceptable medical sources" can: (1) provide evidence establishing the existence of a medically determinable impairment; (2) provide a medical opinion; and (3) be considered a treating source whose medical opinion could be entitled to controlling weight under the treating physician rule. *See Titles II and XVI: Considering Opinions and Other Evidence from Sources Who are not 'Acceptable Medical Sources' in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies*, SSR 06-3p (reprinted at 2006 WL 2329939, at * 2 (SSA Aug. 9, 2006)). The opinions of therapists fall within the category of information provided by "other sources." *See* 20 C.F.R. § 404.1513(d)(1).

The social security regulations require that information from other sources be "considered." 2006 WL 2329939, at * 1, 4 (citing 20 C.F.R. §§ 404.1513, 416.913); *Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011); *Cruse v. Commissioner*, 502 F.3d 532, 541 (6th Cir. 2007); *See Hill v.*

---

³ALJs are not bound by conclusory statements of treating physicians, much less therapists like Ms. Turnbull, where they appear on "check-box forms" and are unsupported by explanations citing detailed objective criteria and documentation. *See Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001); *see also Hernandez v. Commissioner*, No. 1:14-cv-958, 2015 WL 3513863, at * 5 (W.D. Mich. June 4, 2015). "Form reports in which a doctor's obligation is only to check a box, without explanations of the doctor's medical conclusions are weak evidence at best.*" Smith v. Commissioner*, No. 13-cv-12759, 2015 WL 899207, at * 13 (E.D. Mich. Mar. 3, 2015); *see also Ashley v. Commissioner*, No. 1:12-cv-1287, 2014 WL 1052357, at * 8 n.6 (W.D. Mich. Mar. 19, 2014) ("Courts have increasingly questioned the evidentiary value of 'multiple choice' or 'check-off' opinion forms by treating physicians[.]").

*Commissioner*, 2013 WL 2896889, at * 2-3.  This is not a demanding standard.  It was easily met here.  (Op. at 9, Page ID 57).

Ms. Turnbull offered her opinion that plaintiff suffered from marked and extreme functional restrictions.  The restrictions that she suggested were not connected to any supporting evidence.  In fact, although Ms. Turnbull stated that she had first seen plaintiff on November 1, 2010 (Page ID 684), there are no counseling notes in the record documenting whatever therapy or counseling Turnbull may have conducted.[4]  The ALJ found that the extreme restrictions that Ms. Turnbull suggested were not well supported and were inconsistent with the record as a whole.  He found that the record indicated that plaintiff's mental impairments were not substantially limiting when she is compliant with treatment and is not drinking.  (Op. at 9, Page ID 57).  The ALJ went on to note that Ms. Turnbull had only been treating plaintiff for about six months, which suggested that she may not have had adequate time to assess plaintiff's degree of impairment.  (*Id.*).

Plaintiff attacks this aspect of the ALJ's decision by arguing that Psychologist Cashbaugh only saw plaintiff on one occasion (Page ID 564-69) and Psychologist DeLoach was limited to reviewing plaintiff's records.  (Page ID 570-87).  There is no evidence establishing whatever treatment Ms. Turnbull may have provided. Psychologists Cashbaugh and DeLoach were acceptable medical sources, *see* 20 C.F.R. § 404.1513(a) and the ALJ did not commit error in giving more

---

[4]The absence of the underlying therapy or counseling records effectively stripped Ms. Turnbull's opinion of whatever persuasive value it might have had by depriving the ALJ of the opportunity to compare the level or restriction recorded in her notes to the level suggested in the RFC questionnaire responses.  *See Jones v. Commissioner*, No. 1:13-cv-340, 2015 WL 1002858, at * 6 (W.D. Mich. Mar. 5, 2015) (collecting cases).

The only other paper signed by Ms. Turnbull was a document dated May 16, 2011, entitled "Preliminary Plan-Annual" setting forth a therapy plan for a period long after plaintiff's date last disability insured.  (Page ID 708-14).

weight to their opinions. *See* 20 C.F.R. § 404.1527(c); SSR 06-03p, 2006 WL 2329939, at * 5 ("The fact that a medical opinion is from an 'acceptable medical source' is a factor that may justify giving that opinion greater weight than an opinion from a medical source who is not an 'acceptable medical source' because . . . 'acceptable medical sources' are the most qualified health care professionals."); *see also Arnett v. Commissioner*, No. 3:14-cv-177, 2015 WL 4776698, at * 4 (S.D. Ohio Aug. 14, 2015); *Linkhart v. Commissioner*, 2014 WL 1302621, at * 6 (S.D. Ohio Mar. 31, 2014); *Strevy v. Commissioner*, No. 1:12-cv-634, 2013 WL 5442803, at * 7 (W.D. Mich. Sept. 30, 2013).

Plaintiff's argument that the ALJ "failed to apply" the special technique for evaluating mental impairments cannot withstand scrutiny. The ALJ considered all the appropriate areas of functioning under 20 C.F.R. § 404.1520a and found that plaintiff had "mild" limitations in activities of daily living, social functioning, concentration persistence or pace, and no episodes of decompensation that had been of extended duration. (Op. at 4-5, Page ID 52-53). "Because the claimant's medically determinable mental impairments cause no more than 'mild' limitations in any of the first three functional areas and 'no' episodes of decompensation which have been of extended duration in the fourth area, they were nonsevere (20 CFR 404.1520(d)(1))." (Op. at 6, Page ID 54). Plaintiff's argument that the ALJ committed error by not applying the special technique "when making his RFC finding" (Plf. Brief at 16, Page ID 772) is meritless. "The regulations provide a 'special technique' for evaluating the severity of a mental impairment at steps two and three [of the sequential analysis]." *Rabbers v. Commissioner*, 582 F.3d 647 (6th Cir. 2009); *see White v. Commissioner*, 572 F.3d 272, 282 (6th Cir. 2009); *see also* 20 C.F.R. § 1520a(b)-(d). The administrative finding of a claimant's RFC is made between steps 3 and 4 of the sequential analysis.

*See* 20 C.F.R. § 404.1520(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity."); *see also Vorholt v. Commissioner*, 409 F. App'x 883, 886 (6th Cir. 2011).

**2.**

Plaintiff argues that the ALJ's credibility determination is not supported by substantial evidence because the ALJ "erred in analyzing the required factors" under 20 C.F.R. § 404.1529(c)(1) and according little weight to the statement that plaintiff's husband gave in support of her claim for DIB benefits. (Plf. Brief at 19-21, Page ID 775-77; Reply Brief at 4-5, Page ID 806-07). Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). The Court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528. The Court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed . . . ." *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005). The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the "substantial evidence" standard. This is a "highly deferential standard of review." *Ulman v. Commissioner*, 693 F.3d 709, 714 (6th Cir. 2012). "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005); *see Ritchie v. Commissioner*, 540 F. App'x 508, 511 (6th Cir. 2013) ("We have held that an administrative law judge's credibility findings are 'virtually unchallengeable.'"). "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the Court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476. "The ALJ's findings as to a claimant's credibility are entitled

to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints." *Buxton v. Halter*, 246 F.3d at 773; *accord White v. Commissioner*, 572 F.3d 272, 287 (6th Cir. 2009); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993).

The Sixth Circuit recognizes that meaningful appellate review requires more than a blanket assertion by an ALJ that "the claimant is not believable." *Rogers v. Commissioner*, 486 F.3d 234, 248 (6th Cir. 2007). The *Rogers* court observed that Social Security Ruling 96-7p requires that the ALJ explain his credibility determination and that the explanation "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Rogers*, 486 F.3d at 248.

I find that the ALJ gave an adequate explanation why he found that plaintiff's testimony claiming a greater level of functional restriction was not credible. It is well established that the ALJ is not required to discuss every factor or conduct a factor-by-factor analysis. *See Storey v. Commissioner*, No. 98-1628, 1999 WL 282700, at * 3 (6th Cir. Apr. 27, 1999); *Bowman v. Chater*, No. 96-3990, 1997 WL 764419, at * 4 (6th Cir. Nov. 26, 1997) ("While this court applied each of these factors in *Felisky [v. Bowen*, 35 F.3d 1027 (6th Cir. 1994) ], we did not mandate that the ALJ undergo such an extensive analysis in every decision."); *Hysell v. Commissioner*, No. 2:14-cv-587, 2015 WL 4068722, at * 7 (S.D. Ohio Mar. 12, 2014); *Simmons v. Commissioner*, No. 1:13-cv-203, 2014 WL 587172, at * 9 (N.D. Ohio Feb. 14, 2014); *Ausbrooks v. Commissioner*, No. 12-12144, 2013 WL 3367438, at * 19 (E.D. Mich. July 5, 2013); *Myland v. Astrue*, No. 1:08-cv-632, 2009 WL 5216067, at * 14 (W.D. Mich. Dec. 29, 2009). Among other things, plaintiff continued to work as a medical transcriptionist throughout the period at issue. Although plaintiff had not been performing

this at the SGA level (which would have resulted in a finding of non-disability at step 1 of the sequential analysis), it was significant evidence that plaintiff's functional limitations were not as severe as she claimed. (Op. at 8, Page ID 56). *See* 20 C.F.R. § 404.1529(a). Plaintiff had fairly normal functioning when she was compliant in taking her medications, and she had generally been able to function even when she continued to consume alcohol. (Op. at 8, Page ID 56).

Plaintiff and the vocational expert were the only witnesses providing testimony at plaintiff's hearing. (Page ID 71-109). Mr. Erbland did not testify. He did prepare a third party function report in support of his wife's claim for DIB benefits. (Page ID 238-45). Mr. Erbland's statement was a statement from an "other source" under the regulations. 20 C.F.R. § 404.1513(d)(4). It was entitled to consideration. *See* SSR 06-03p, 2006 WL 2329939, at * 1, 4; *see also Finkbeiner v. Commissioner*, No. 13-13906, 2015 WL 668058, at * 10 (E.D. Mich. Feb. 17, 2015). The ALJ considered the statement provided by Mr. Erbland and gave it the weight he deemed appropriate. (Op. at 9-10, Page ID 57-58). The narrow scope of judicial review of the Commissioner's decision does not include re-weighing evidence. *See Keeton v. Commissioner*, 583 F. App'x 515, 533 (6th Cir. 2014) ("The ALJ, not this Court, weighs the evidence and testimony to make a credibility determination."). The ALJ's factual finding regarding plaintiff's credibility is reviewed under the highly deferential substantial evidence standard. *See Ulman v. Commissioner*, 693 F.3d at 714. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. at 401. I find that the ALJ's factual finding regarding plaintiff's credibility is supported by more than substantial evidence.

**3.**

Plaintiff argues that the ALJ's step 4 determination "is unsupported by substantial evidence and is the product of legal error." (Plf. Brief at 21-23, Page ID 777-79). Plaintiff's repetition under this heading of her earlier arguments regarding the ALJ's factual findings regarding her credibility, RFC, and the weight given to Therapist Turnbull's opinion do not provide a basis for disturbing the Commissioner's decision. In addition, plaintiff argues that the ALJ's decision should be overturned because he failed to make adequate findings under SSR 86-62. (Plf. Brief at 21-22, Page ID 777-78; Reply Brief at 4-5, Page ID 806-07). Under SSR 86-62, the ALJ's decision must contain a finding regarding the plaintiff's RFC, a finding as to the physical and mental demands of the past job/occupation, and a finding that the individual's RFC would permit the plaintiff to return to his or her past job or occupation. *Titles II and XVI: A Disability Claimant's Capacity to Do Past Relevant Work, in General*, SSR 82-62 (SSA 1982) (reprinted at 1982 WL 31386, at * 4).

Here, the ALJ posed questions to plaintiff regarding the nature of her work as a medical transcriptionist. Plaintiff testified that she performed the work from her home office and that it could be performed at any time, day or night. Before the period at issue, plaintiff and her husband traveled all over the United States in a recreational vehicle and plaintiff was able to work from any location where a Wi-Fi connection was available. (Page ID 86-88). Her work was obtained by pulling it off a server and completed work was returned to the server electronically. Plaintiff was compensated on a per line basis for the medical records she transcribed. (Page ID 75-77). Plaintiff gave a similar description of her work as a medical transcriptionist in a document that she filed with the Social Security Administration before her hearing. (Page ID 219-20).

The ALJ then asked the VE to provide the job title, exertional level, skill level, specific vocational preparation (SVP) for plaintiff's past relevant work as a medical transcriptionist.[5] The VE responded that the *Dictionary of Occupational Titles (DOT)* job description was medical transcriber, the *DOT* code was 203.582.058. The essential job duties were operating a word processor, listening to tapes, and transcribing data. The SVP level was 5, indicating that this is a skilled occupation. The exertional level was sedentary.[6] The VE testified that a person with the RFC determined by the ALJ would be capable of performing plaintiff's past relevant work. (Page ID 108). The VE stated that his testimony was consistent with the *DOT*. Plaintiff's attorney elected not to pose any questions to the VE.[7] (Page ID 109).

The ALJ found that plaintiff retained the RFC for a limited range of light work. The ALJ relied on the VE's testimony to establish the demands of plaintiff's past relevant work as plaintiff performed it and as generally performed. Finally, the ALJ found that plaintiff's RFC did not prevent

---

[5]Vocational expert testimony is not required at step 4 of the sequential analysis. *See Cruse v. Commissioner*, 502 F.3d 532, 544-45 (6th Cir. 2007); 20 C.F.R. § 404.1560(b)(2). However, the ALJ may use a vocational expert's services in determining whether a claimant can perform her past relevant work. 20 C.F.R. § 404.1560(b)(2) (a VE "may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy."). It is common practice for an ALJ to rely upon a VE's testimony at step four of the sequential analysis. *See, e.g., Delgado v. Commissioner*, 30 F. App'x 542, 548 (6th Cir. 2002). Even assuming *arguendo* that the ALJ's decision lacked the support of VE's unrebutted testimony, plaintiff's testimony regarding the demands of her work and the *DOT* classification would provide substantial evidence supporting the ALJ's decision finding that plaintiff was not disabled a step 4 of the sequential analysis. *See e.g.*, *Austin v. Commissioner*, No. 13-2830, 2015 WL 222437, at * 3-4 (W.D. Tenn. Jan. 14, 2015).

[6]The VE also completed a written statement providing the same information. (*See* "Claimant's Work Summary as Indicated in the Record," Page ID 280).

[7]Plaintiff's pre-hearing brief emphasized the RFC questionnaire signed by Ms. Turnbull. It did not provide any developed argument or evidence addressing the demands of plaintiff's past relevant work as a medical transcriptionist. (Page ID 142-53).

her from performing her past relevant work as a medical transcriptionist as she performed the job and as it is generally performed in the national economy. (Op. at 10, Page ID 58). The ALJ's findings satisfy the requirements of SSR 82-62. *See, e.g.*, *Hope v. Commissioner*, No. 14-11114, 2015 WL 404382, at * 9-10 (E.D. Mich. Jan. 29, 2015) (collecting cases); *Morrow v. Commissioner*, No. 13-11913, 2014 WL 1908284, at * 8 (E.D. Mich. May 13, 2014) ("With his residual functional capacity assessment and the vocational expert's testimony in hand, the ALJ was in a position to conclude that at step four that [plaintiff] could perform his past relevant work[.]"); *Potter v. Colvin*, No. 3:12-cv-202, 2013 WL 4857731, at * 15-16 (E.D. Tenn. Sept. 11, 2013). The ALJ's opinion would no doubt have included a more extensive discussion if plaintiff's attorney had presented evidence and argument suggesting that the VE's testimony was inaccurate.

In addition, it was plaintiff's burden at step four of the sequential analysis to prove that she was unable to perform (1) the functional demands and duties of past relevant jobs as she actually performed them, and (2) that she was unable to perform the functional demands and job duties of her occupations as generally required by employers throughout the national economy. *See Garcia v. Secretary of Health & Human Servs.*, 46 F.3d 552, 556 (6th Cir. 1995); *see also Delgado v. Commissioner*, 30 F. App'x 542, 548 (6th Cir. 2002) ("At the fourth step of the sequential evaluation process, [the claimant] must prove that she is unable to perform her past relevant work and that she is unable to return to her former type of work as generally performed."); *Bowman v. Commissioner*, No. 1:10-cv-852, 2012 WL 229892, at * 5 (W.D. Mich. Jan. 24, 2012). It is clear that a claimant "must prove an inability to return to h[er] former type of work and not just to h[er] former job." *Studaway v. Secretary of Health & Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987); *see also Moses v. Commissioner*, 402 F. App'x 43, 45 (6th Cir. 2010); *Titles II and XVI: The Particular Job*

*or the Occupation as Generally Performed*, SSR 82-61 (SSA 1982) (reprinted in 1982 WL 31387, at * 2). Plaintiff did not satisfy her burden at step four of the sequential analysis. The ALJ's finding that plaintiff was not disabled during the period at issue because she was capable of performing her past relevant work as a medical transcriptionist is supported by substantial evidence.

## Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated:  September 4, 2015         /s/  Phillip J. Green
                                  United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).